IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL R. JAMES, JR.,<br><br>            Plaintiff,<br><br>    v.<br><br>OFFICER LOUTZENHISER,<br>OFFICER TRAINNER, and OFFICER CARRAGE,<br><br>            Defendants. | Case No. 3:25-cv-00112-SLG |
| PAUL R. JAMES, JR.,<br><br>            Plaintiff,<br><br>    v.<br><br>ADMINISTRATION FLOWERDEW,<br><br>            Defendant. | Case No. 3:25-cv-00130-SLG |

## ORDER DENYING PLAINTIFF'S MOTIONS TO PROCEED WITHOUT PREPAYING THE COURT'S FILING FEE

Pending before the Court are the above two captioned cases filed by self-represented prisoner Paul R. James, Jr. ("Plaintiff"). On June 4, 2025, Plaintiff filed Case No. 3:25-cv-00112-SLG ("Case 112") against Correctional Officer ("CO") Loutzenhiser, CO Trainner, and CO Carrage.[1] Then, on June 20, 2025, Plaintiff filed Case No. 3:25-cv-00130-SLG ("Case 130") against Goose Creek

---

[1] *James v. Loutzenhiser, et al.,* Case No. 3:25-cv-00112-SLG ("Case 112").

Superintendent Flowerdew.[2] Upon review, the cases have similar deficiencies and contain overlapping claims and related factual allegations. In Case 112, Plaintiff alleges that on April 29 and 30, 2025, CO Loutzenhiser said he wanted to "slam him to the ground and stomp on his head"[3] in order to stop Plaintiff from filing or pursuing lawsuits against other correctional officers. Plaintiff claims that CO Trainner and CO Carrage were aware of these threats and failed to report them. Plaintiff also claims that in late April 2025, CO Carrage expressed agreement with CO Loutzenhiser's threats, and that CO Trainner engaged in additional derogatory and harassing behavior by telling other prisoners that Plaintiff had recently received s $119 million check from a PFD settlement. And Plaintiff alleges that on May 31, 2025, Officer Trainer told another prisoner that Plaintiff had filed an RFI on her. In Case 130, Plaintiff alleges that for over the past 10 months, Superintendent Flowerdew has refused to move him to a safer housing unit, despite Plaintiff's repeated requests; and Plaintiff alleges that on June 15, 2025, Superintendent Flowerdew gave another inmate a copy of a Request for Interview ("RFI") that Plaintiff had filed against Officer Trainner, and generally has been retaliating against him. In each case, Plaintiff claims he was in serious imminent danger of serious physical injury at the time he filed the complaint due to the actions of CO Trainner and CO Loutzenhiser in late April 2025.

---

[2] *James v. Flowerdew,* Case No. 3:25-cv-00130-SLG ("Case 130").

[3] Case 112, Docket 1 at 3, 7.

Case No. 3:25-cv-00112-SLG, *James v. Loutzenhiser, et al.*
Case No. 3:25-cv-00130-SLG, *James v. Flowerdew*
Order Denying Plaintiff's Applications to Waive Prepayment of the Filing Fee
Page 2 of 6

Case 3:25-cv-00112-SLG    Document 4    Filed 08/14/25    Page 2 of 6

Plaintiff fails to state a plausible claim for a violation of the Eighth Amendment prohibition from cruel and unusual punishment against any of the named defendants in each case, all for the reasons recently articulated in Plaintiff's other cases filed in this Court.[4] Therefore, Plaintiff's Complaint in each above-captioned case must be DISMISSED.

Further, on May 27, 2025, the Court notified Plaintiff that he had accumulated three strikes and must not file any cases in any federal court without prepaying the filing fee unless he demonstrates that he is under imminent danger of serious physical injury at the time of filing of the complaint, and that such danger is fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[5] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[6] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.

Each of the above-captioned cases was filed after Plaintiff was informed of his three-strike status. But Plaintiff has not paid the filing fee in either case, and his allegations that he was in imminent danger due to the alleged conduct of Officer

---

[4] *See, e.g., James v. Johnson*, Case No. 3:25-cv-00067-SLG at Docket 5.

[5] *See James v. Seairs, et al.,* Case No. 3:25-cv-00012-SLG, Docket 4 at 16 (notifying Plaintiff he has received three strikes, specifically in Case Nos. 3:22-cv-00-JMK, 3:22-cv-00269-JMK, and 3:25-cv-00012-SLG).

[6] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

Case No. 3:25-cv-00112-SLG, *James v. Loutzenhiser, et al.*
Case No. 3:25-cv-00130-SLG, *James v. Flowerdew*
Order Denying Plaintiff's Applications to Waive Prepayment of the Filing Fee
Page 3 of 6
Case 3:25-cv-00112-SLG   Document 4   Filed 08/14/25   Page 3 of 6

Trainner in late April 2025 are insufficient to demonstrate Plaintiff was in imminent danger when he filed these complaints in June 2025. Moreover, any such danger allegedly created by Officer Trainner several weeks before Case 130 was filed against Superintendent Flowerdew is not fairly traceable to the superintendent. Therefore, Plaintiff's motions to proceed without prepaying the filing fee in each case are DENIED. If Plaintiff wishes to proceed in either case, he must pay the full $405.00 filing fee and file an amended complaint that revises his claims to address the deficiencies as have been identified to him. The Court will then screen any amended complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close one or both of these cases.

**IT IS THEREFORE ORDERED:**

1. Plaintiff has accumulated at least three strikes,[7] and he fails to demonstrate he meets the imminent danger exception that would allow him to proceed on his claims in each case without prepaying the full filing fee.[8] Therefore,

---

[7] *See James v. Seairs, et al.,* Case No. 3:25-cv-00012-SLG, Docket 4 at 16 (notifying Plaintiff he has received three strikes, specifically in Case Nos. 3:22-cv-00-JMK, 3:22-cv-00269-JMK, and 3:25-cv-00012-SLG).

[8] *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (holding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes

Case No. 3:25-cv-00112-SLG, *James v. Loutzenhiser, et al.*
Case No. 3:25-cv-00130-SLG, *James v. Flowerdew*
Order Denying Plaintiff's Applications to Waive Prepayment of the Filing Fee
Page 4 of 6

Case 3:25-cv-00112-SLG    Document 4    Filed 08/14/25    Page 4 of 6

Plaintiff's application to proceed without prepayment of the filing fee in each above-captioned case is **DENIED**.

2. Plaintiff's Complaint in each above-captioned case is **DISMISSED** for failure to state a plausible claim.

3. In each case, Plaintiff is accorded **60 days** from the date of this order to file either a:

   a. First Amended Complaint <u>with</u> payment of the full $405 filing fee; or

   b. Notice of Voluntary Dismissal on the Court's form.

4. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal**,** each case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as an additional strike and without further notice to Plaintiff.

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[9] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

[9] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00112-SLG, *James v. Loutzenhiser, et al.*
Case No. 3:25-cv-00130-SLG, *James v. Flowerdew*
Order Denying Plaintiff's Applications to Waive Prepayment of the Filing Fee
Page 5 of 6
Case 3:25-cv-00112-SLG   Document 4   Filed 08/14/25   Page 5 of 6

6. Plaintiff has accumulated **THREE STRIKES** and must not file any cases in any federal court without prepaying the filing fee unless he demonstrates that he is under imminent danger of serious physical injury at the time of filing of the complaint, and that danger is fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the court.

DATED this 14th day of August 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00112-SLG, *James v. Loutzenhiser, et al.*
Case No. 3:25-cv-00130-SLG, *James v. Flowerdew*
Order Denying Plaintiff's Applications to Waive Prepayment of the Filing Fee
Page 6 of 6
Case 3:25-cv-00112-SLG   Document 4   Filed 08/14/25   Page 6 of 6